UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY ALAN THIGPEN | ) |
| | ) |
| Plaintiff, | ) No. 3:17-cv-00919 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| BRODY KANE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **M E M O R A N D U M**

Jerry Alan Thigpen, a resident of Hartsville, Tennessee, brings this *pro se, in forma pauperis* action against forty-four (44) named defendants, citing 42 U.S.C. § 1983. (Docket No. 1).

## I. Required Screening of *In Forma Pauperis* Complaint

Because the plaintiff is proceeding as a pauper in this action, the court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the

1

factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir.2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into

2

advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II.     Section 1983 Standard

The plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 "and other applicable United States Code" provisions. (Docket No. 1 at 2). Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

According to the complaint, on June 6, 2016, defendant Thomas Dewayne Byrd, tax assessor for Trousdale County, assaulted the plaintiff at a Trousdale County Board of Equalization meeting. The plaintiff was injured and received medical care for his injuries. The plaintiff's tripod and camera were damaged during the assault. The plaintiff subsequently was indicted by a grand jury in connection with the incident. (Docket No. 1 at p. 6). The plaintiff believes that his federal constitutional right to due process was violated because members of the grand jury represented themselves to be residents of Trousdale County, Tennessee, "despite proof to the contrary known to exist by some of the prior named Accused." (*Id.* at p. 5).

The complaint alleges that many of the defendants are engaged in "ongoing criminal conduct . . . ." (Docket No. 1 at p. 5). The complaint describes the criminal conduct as follows:

3

> The Criminal acts have taken place in Trousdale County Tennessee, the smallest county in the State, which the de facto cartel, known as Hartsville/Trousdale County Government, in charge circumvented Tennessee's Legislative desires to divide for its absorption by two larger adjacent counties, Sumner and Wilson, by incorporation, via Voter Fraud, an "experimental" Charter form of Metro Government.
>
> This scheme had the affect [sic] of chilling prior Legislative desires due to the resulting entanglements of Municipal Bonds and many other financial instruments, the cost of doing so equitably, [sic] was estimated to be exorbitant.

(*Id.* at pp. 2-6).

## IV. Analysis

### A. Claims against jurors

First, the complaint names fifteen grand jurors as well as the jury foreperson as defendants to this action. (Docket No. 1 at 2). However, "jurors acting within the scope of their duties" enjoy absolute immunity from suit. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). Therefore, the plaintiff's claims against the fifteen grand jurors and the jury foreperson must be dismissed for failure to state claims upon which relief can be granted.

To the extent that the plaintiff is challenging the validity of his indictment in a state criminal action based on the composition of the indicting grand jury, any such claims sound in *habeas corpus* and are not appropriately brought in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(the law is well established that "habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983.").

### B. Abstention

In the complaint, the plaintiff asks the court for the "Dismissal of all Warrant and Criminal

4

Charges against the Accuser" and an "immediate Stay on those proceedings . . . ." (Docket No. 1 at p. 6). The law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The <u>*Younger*</u> abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, one or more state criminal prosecutions of the plaintiff appear to be underway. (Docket No. 1 at p. 6). Second, there can be no doubt that state criminal proceedings implicate important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, while the complaint expresses the plaintiff's dissatisfaction with the state court and his suspicions that state actors are violating his due

5

process rights, the complaint does not allege that the state court has refused or would refuse to consider the plaintiff's constitutional claims; thus, presumably the state court proceedings provide an adequate forum in which the plaintiff can raise any constitutional challenges. If the plaintiff raises his constitutional challenges in state court and the trial court denies or otherwise fails to consider his constitutional claims, the plaintiff may exercise his right to an appeal under Tennessee law. The plaintiff also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offense(s).

There are exceptions to the *Younger* doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). In order to overcome the bar of *Younger* abstention, a plaintiff must do more than set forth mere allegations of bad faith or harassment. *See Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997)). The burden on a plaintiff is high, and the allegations of the instant complaint do not suggest that any exception to the *Younger* doctrine is warranted in this case at this time.

### C. Allegations of criminal conduct

The complaint petitions the court to initiate federal criminal prosecutions of the defendants. (Docket No. 1 at pp. 3-6). However, "[a]uthority to initiate a criminal complaint rests exclusively

6

with state and federal prosecutors." *Tunne v. U.S. Postal Service*, No. 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010)(quoting *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this court is without jurisdiction to initiate any investigations of alleged criminal activity.

### D. Civil conspiracy claims

According to the complaint, the incident on June 6, 2016, and resulting arrest and indictment of the plaintiff was part of a larger, more far-reaching conspiracy between a number of defendants, including but not limited to a judge, court staff, district attorneys, the mayor, and the tax assessor. (Docket No. 1 at p. 5). The Sixth Circuit has defined a civil conspiracy under 42 U.S.C § 1983 as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not know all of the details of the illegal plan or all of the participants involved. All that must be shown is that there is a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Conspiracy claims must be pled with a degree of specificity. *Hamilton v. City of Romulus*, 409 Fed. Appx. 826, 835-36 (6th Cir. 2010). Vague and conclusory allegations unsupported by material facts are insufficient, although circumstantial evidence of an agreement among all conspirators may provide adequate proof. *Id.*

Having reviewed the complaint, the court finds that the plaintiff's allegations of a conspiracy between the defendants do not survive the required screening. 28 U.S.C. § 1915(e)(2). As to the

existence of a conspiracy to assault, arrest, or indict the plaintiff, the complaint's allegations are conclusory; no specificity is provided and no evidence of an agreement between all conspirators is referenced. Thus, the plaintiff's civil conspiracy claims as to all defendants will be dismissed.

**E.     State law claims**

It is unclear whether the plaintiff intended to assert state law claims against any of the defendants; however, presuming that the plaintiff so intended, 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

Having dismissed the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice to be filed, if the plaintiff so chooses, in a Tennessee state court.[1]

**V.     Conclusion**

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte*. Accordingly, the complaint will be

---

[1]The court makes no representations regarding any applicable statute of limitations for any state law claim.

dismissed. This dismissal is without prejudice to the plaintiff's ability to pursue any remedies available to him by way of a petition for writ of *habeas corpus*. 28 U.S.C. § 1915(e)(2). Further, the court declines to exercise supplemental jurisdiction over any state law claims asserted in the *pro se* complaint. The dismissal of this action therefore will be without prejudice to the plaintiff's ability to pursue any remedies available to him in state court.

An appropriate order will be entered.

ENTER this 5th day of September 2017.

Aleta A. Trauger
United States District Judge